MINTER & POLLAK, LC
8080 E. Central, Suite 300
Wichita, Kansas 67206
(316) 265-0797

## DISTRICT COURT, MARION COUNTY, KANSAS
## CIVIL DEPARTMENT

| | |
|---|---|
| BANK OF HAYS <br><br> Plaintiff, <br><br> vs. <br><br> CAH ACQUISITION COMPANY #5, LLC, <br> HMC/CAH CONSOLIDATED INC. <br> CITY OF HILLSBORO, KANSAS <br> PUBLIC BUILDING COMMISSION OF HILLSBORO <br> KANSAS, APP GROUP INTERNATIONAL, LLC <br> SECURITY BANK OF KANSAS CITY, <br> ATHENAHEATH, INC., US BANK, <br> KANSAS DEPARTMENT OF REVENUE <br> BOARD OF COUNTY COMMISSIONERS FOR <br> MARION COUNTY, MOBILE CARDIAC CARE, LLC, <br> et al. <br> Defendants. | CASE NO. 2019-CV-00001 <br><br> **TITLE INVOLVING** <br> **REAL ESTATE** |

***Pursuant to K.S.A. Chapter 60***
**(REAL ESTATE FORECLOSURE ACTION)**

### ORDER GRANTING APPLICATION FOR APPOINTMENT OF RECEIVER

This Order is effective as of the date and time shown on the electronic file stamp. The plaintiff, Bank of Hays ("Bank") appears by and through its counsel, Creath Pollak of Minter & Pollak, LC, the City of Hillsboro, Kansas ("City") and the Public Building Commission of Hillsboro, Kansas ("PBC") appears by and through their attorney Tyler E. Heffron of Triplett Woolf Garrettson, LLC. The Court after reviewing the pleadings and hearing from the parties hereby grants the Application for Appointment of Receiver and makes the following findings and conclusions:

1) This Court has proper jurisdiction and venue to hear the Application brought before it by the Bank, City, and PBC.

2) K.S.A. § 60-1301 *et seq.* gives the Court broad authority and power to appoint a receiver and grant the receiver powers. In particular, Kansas law gives the Court broad authority and power to appoint a receiver *ex parte* if the evidence presented proves that immediate and irreparable injury is likely to result in the absence of such appointment. *See* Gard, Casad & Mulligan, Kansas Law & Practice, vol. 5, p. 191 (5th Ed. 2012) (stating notice and hearing are dispensed with if the judge finds immediate and irreparable injury is likely to result if a receiver is not appointed).

3) This lawsuit involves the requested foreclosure of the Bank's security interest in the real and personal property of the Hillsboro Community Hospital ("Hillsboro Hospital"), a rural hospital facility currently carrying a "critical access hospital" designation that gives it certain benefits for Medicare reimbursement. As widely reported by the media, the Hillsboro Hospital has suffered from multiple financial challenges in the last several months, including, among others, non-payment of utilities, the threatened shut-off of utilities, failure to timely make payroll to on-site hospital staff, and the loss by employees of their own health coverage benefits. All of these issues and challenges, not to mention the failure to make ongoing mortgage payments to the Bank and lease payments to the City, have put the ongoing operation of the Hillsboro Hospital in serious jeopardy.

4) As stated in the Verified Amended Petition, Bank is a secured creditor of CAH Acquisition Company #5, LLC, and has a perfected security interest in the real and personal property that comprise the Hillsboro Hospital.

5) The evidence shows that the PBC owns fee title to the land upon which the Hillsboro Hospital was built, and leases that land, as well as an adjoining parking lot, to the City. The City subleases the land to Defendant CAH Acquisition Company #5, LLC. The lease payments from Defendant CAH Acquisition Company #5, LLC to the City, and from the City to the PBC, are used to pay-off bond financing the PBC undertook in 2015 as part of the project to build the Hillsboro Hospital. As noted herein below, Defendant CAH Acquisition Company #5, LLC's payment of the sublease rent obligation is in default for the months of October through December of 2018 and January of 2019. Consequently, the City will have to pay the PBC out of the City's general accounts in order to make the bond payments.

6) The subject real and personal property has an estimated value of $12,000,000.00, so long as it is an on-going "critical access hospital", which either would be lost or is at risk of being lost if the Hillsboro Hospital closed. Moreover, if the Hillsboro Hospital loses its "critical access hospital" designation, the value of the property will be significantly decreased as this designation results in eligibility for higher reimbursements from Medicare.

7) The evidence shows that Defendant HMC/CAH Consolidated, Inc. has entered into guarantee agreements as to the debt and obligations Defendant CAH Acquisition Company #5, LLC owes to the Bank and the City.

8) According to information available to the Bank, the estimated annual revenue from of the Hillsboro Hospital is $8,800,000.00, with net income of $192,747.00 based upon the 2018 financials. It is expected that this revenue would be

significantly impacted if the Hillsboro Hospital lost its "critical access hospital" designation.

9) The Bank's security interest extends to all accounts receivables due to the Hillsboro Hospital. On information and belief, these accounts receivables are sent to a lock box with Defendant Athenahealth, Inc. and then deposited into an account at Defendant US Bank.

10) The evidence shows that the Defendants CAH Acquisition Company #5, LLC and HMC/CAH Consolidated, Inc. have not been paying their obligations as they come due as follows:

   a. Monthly payments on the loan with the Bank for the months of September, October, November, and December 2018 totaling $276,477.63, as of January 7, 2019. The January 2019 payment will be due on January 30, 2019

   b. The monthly sublease rent payments to the City for the months of October, November and December 2018 and January 2019. These payments total $29,650.00, as of January 1, 2019. The February 2019 payment will be due on February 1, 2019.

   c. The utilities were recently delinquent to the City and the City advised Defendant CAH Acquisition Company #5, LLC and the Hillsboro Hospital that the power would be shut-off if the utility bills were not paid in full together with a deposit by Noon of February 11, 2018. Mid-morning on February 11, 2018, just shortly before the planned utility

      shut-off, a payment was wire transferred to the City bringing the utility bill current. Consequently, a utility shut-off at the Hillsboro Hospital was narrowly averted.

      d. The real estate taxes for the Hillsboro Hospital have not been paid the years 2017 and 2018, which total more than $300,000.00.

      e. The Bank had to force-place insurance for the facility on December 21, 2018.

      f. As reported in the local media, payroll has not consistently been paid on time to the employees nor have vendors been paid.

      g. The Kansas Department of Revenue has issued tax warrants against the Hillsboro Hospital.

11) The failure of Defendants CAH Acquisition Company #5, LLC and HMC/CAH Consolidated, Inc. to fulfill the financial obligations of the Hillsboro Hospital is causing and, if not immediately corrected, will continue to cause immediate and irreparable injury to the Hillsboro Hospital, including the risk of the facility closing, losing on-site staff, utilities being shut-off, and the loss of the facilities' "critical access hospital" designation. Whether the Hillsboro Hospital were to close or not, all of these past and presently ongoing failures will continue to decrease the value of the property and put the community and residents of Hillsboro and Marion County at risk of losing local access to healthcare.

12) This Court specifically finds that immediate and irreparable harm is likely to result if a receiver is not appointed to operate and manage the Hillsboro Hospital in order to ensure that it remains open and retains as much of its value as possible.

13) The Court has reviewed the submission of the Bank, City, and PBC as to the suggested receiver and finds that there is good cause to appoint Cohesive Healthcare Management + Consulting, LLC ("Cohesive"), as a receiver in this matter to take possession of the Hillsboro Hospital and to operate, manage, and oversee it during the pendency of this foreclosure action and until further order of the Court. The evidence shows that Cohesive is qualified, experienced, and capable of managing and operating the Hillsboro Hospital, and has undertaken efforts in other occasions to manage and operate strained hospital assets.

14) The Court grants Cohesive as the Receiver the following powers:

  a. Management, operation, and oversight of the Hillsboro Hospital, including all aspects of financial management, bookkeeping/accounting, executive management, human resources, insurance processing, Medicare/Medicaid processing and reimbursement, private health insurance and private pay processing, accounts payable and receivable, suppliers/vendors, medical staffing, licensure, reporting, etc. (i.e., this would be attendant to the role of a CEO and CFO of the Hillsboro Hospital);

  b. Collect all receivables of the Hillsboro Hospital, including, without limitation, those funds in the possession of Defendant CAH Acquisition

  Group #5, LLC, the Hillsboro Hospital, Athena and US Bank subject to the Motion for Restraining Order filed herein;

c. Set up new bank accounts;

d. Pay and manage the accounts payables of the Hillsboro Hospital, including, without limitation, payments owing on wages, utilities, vendors, suppliers and its own monthly fees necessary to run the hospital. The Receiver is not required to pay obligations incurred prior to the effective date of the Receivership unless a determination is made that it is prudent to do so to maintain business relationships that are necessary to the continued operation of the Hospital.

e. Pay debt service (including to the Bank) and rents (including to the City) to the extent that there is sufficient receivables to pay such obligations after all accounts payable necessary to run the hospital have been paid.

f. Handle all employee issues including hiring and terminations;

g. Enter into an interim financing loan provided by Bank to CAH Acquisition Company #5, LLC secured by the accounts receivables of CAH Acquisition Company #5, LLC for short term operating capital to be used to pay critical vendors including utilities and wages until the receivables start to come in and can be used to pay ongoing expenses. Said loan would be repaid out of the receivables.

h. Contract with any service provider or contract-operator necessary and reasonable to fulfill the obligations outlined herein to handle the management, operation, and oversight of the Hillsboro Hospital, and to delegate any powers stated herein to a service provider or contract-operator to ensure the continual operation of the Hillsboro Hospital during the pendency of this action.

i. The Receiver has legal authority to sign any paperwork required by insurance companies, Medicare or Medicaid in order to continue to receive payments and to facilitate in the exercise of the Receiver's powers and duties granted herein including but limited to executing form #CMS 855A, Medicare Enrollment Application - Institutional Providers.

j. The Receiver is to provide monthly financial statements, including reports as to income and expense, to be filed with the Court, and copies provided to the Bank, City, and PCB. Said reports are due on the 15th day of the month for the previous month.

k. The Receiver has the right to access any protected health information related to the Hillsboro Hospital so long as it complies with HIPPA and the related rules governing the same and can use and disclose said protected health information in the performance of its duties as the Receiver.

    l. Take any other actions necessary and reasonable to retain the "critical access hospital" designation and to keep the hospital open and operating during the pendency of this action.

15) Defendants CAH Acquisition Group #5, LLC, Athenaheath, Inc., US Bank, and HMC/CAH Consolidated, Inc. are hereby ordered and directed to hand over all funds in their possession payable to CAH Acquisition Group #5, LLC or the Hillsboro Hospital to the Receiver for deposit into a newly established account.

16) The Defendants CAH Acquisition Group #5, LLC, HMC/CAH Consolidated, Inc. and any of their agents, representatives or managers are hereby directed immediately to deliver possession of the real and personal property comprising the Hillsboro Hospital to the Receiver subject to the secured creditors interest in the same and said Defendants are enjoined from in any manner disturbing the Receiver's possession of this same property. The Receiver can take steps to secure such possession through removal of said parties from the premises without further Court order and the Sheriff can help with the same.

17) At this time, the Court is not requiring that the Bank, City or PBC post a bond and such is discretionary pursuant to K.S.A. 60-1304. The Bond required by K.S.A. 60-1301 for Cohesive shall be in the amount of $200,000.00 to be filed with the Court along with the required Oath and upon such filings Cohesive shall be the Receiver in this matter.

IT IS SO ORDERED.

                                                                 District Judge Ryan Rosauer

Approved By:

*/s/ Creath L. Pollak*
Creath L. Pollak, #21681
Minter & Pollak, LC
8080 E, Central, Suite 300
Wichita, KS 67206
Telephone: 316-265-0797
Fax: 316-618-0058
creath@mp-firm.com
*Attorney for Plaintiff*


*/s/ Tyler E. Heffron*
Tyler E. Heffron, #22115
TRIPLETT WOOLF GARRETSON, LLC
2959 North Rock Road, Suite 300
Wichita, KS 67226
Telephone: 316.630.8100
Facsimile: 316.630.8101
Email: theffron@twgfirm.com
*Attorneys for Defendant*
*City of Hillsboro, Kansas and*
*Public Building Commission of*
*Hillsboro, Kansas*