**SO ORDERED.**

**SIGNED this 26th day of November, 2019.**



_____
Robert E. Nugent
United States Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| CAH ACQUISITION COMPANY # 5, LLC | ) | Case No. 19-10359-11 |
| d/b/a HILLSBORO COMMUNITY HOSPITAL, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE (A) SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, INTERESTS, CLAIMS AND ENCUMBRANCES, PURSUANT TO 11 U.S.C. § 363, (B) THE ASSUMPTION AND ASSIGNMENT, OR REJECTION, OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND RELATED PROCEDURES, PURSUANT TO 11 U.S.C. § 365, (C) THE ABANDONMENT OF CERTAIN ASSETS PURSUANT TO 11 U.S.C. § 554, AND (D) APPROVAL OF RELATED RELIEF PURSUANT TO 11 U.S.C. §§ 102 AND 105**

NOW on this 14th day of November, 2019, comes on the Motion (the "**Sale Motion**")

(Doc. 208) of the Chapter 11 Trustee, Brent King (the "**Trustee**"), of the bankruptcy estate (the

"**Bankruptcy Estate**") of the Debtor, CAH Acquisition Company # 5, LLC d/b/a Hillsboro

Community Hospital (hereinafter, the "**Debtor**" or "**Hillsboro Hospital**") for an order (the "**Sale**

**Order**"), pursuant to 11 U.S.C. §§ 102, 105, 363, 365, and 554, and Fed. R. Bankr. P. 2002,

6002, 6004, 6006, 9006 and 9007 to approve (a) the sale of assets free and clear of all liens,

interests, claims and encumbrances; (b) the potential assumption and assignment, or rejection, of certain executory contracts and unexpired leases, and related procedures; (c) the potential abandonment of certain assets, and (d) approval of related relief. The Trustee appears in person and by and through his counsel, Patricia Hamilton of the firm of Stevens & Brand, LLP. Other appearances are as reflected on the record. After being well and truly advised, the Court grants the Sale Motion and makes the following findings and orders.

## BACKGROUND

1.      On March 13, 2019 (the "**Commencement Date**"), Cohesive Healthcare Management + Consulting, LLC ("**Cohesive**"), in its capacity as court-appointed receiver, filed a voluntary petition for the Debtor under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Kansas (the "**Bankruptcy Court**").

2.      On March 26, 2019, the Bankruptcy Court appointed the Trustee as the Chapter 11 trustee for the Debtor pursuant to § 1104(a) of the Bankruptcy Code.

3.      On July 9, 2019, the United States Trustee filed its Notice of Appointment of an Official Committee of Unsecured Creditors (the "**Committee**") in this case. (Doc. 151.)

4.      This is a core proceeding pursuant to 28 U.S.C. § 157(2)(A), (M), (N), and (O).

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

7.      Prior to the Commencement Date, the Debtor owned and operated the Hillsboro Community Hospital, a critical access hospital located in Hillsboro, Kansas.

8.      Hillsboro Hospital provides high-quality medical care to the community of Hillsboro, Kansas. Hillsboro Hospital is 15-bed hospital providing high-quality care distinguished by patient satisfaction and results. Hillsboro Hospital offers a broad range of

services, including but not limited to the following: emergency, surgery, radiology, laboratory, inpatient care, rehabilitation and swing bed. Hillsboro Hospital also offers EEGs and EKGs, treadmill, nerve conduction and sleep apnea studies.

9. On January 18, 2019, the District Court of Marion County, Kansas appointed Cohesive as the receiver for the Debtor, due in large part to the mismanagement of the Hospital by the then-current management company – Empower H.M.S., LLC ("**Empower**") and/or iHealthcare. This mismanagement led to critical breakdowns affecting the Hospital's performance and its treatment of patients and employees, including but not limited to inadequate supplies, loss of staff due to nonpayment, loss of health insurance for employees, failure of Empower to pay federal and state withholding taxes on behalf of the employees, and cancellation of workers' compensation insurance. The details of Empower's negligent (and potentially criminal) activities are set forth more fully in the Amended Emergency Consent Motion of Bank of Hays for Appointment of a Trustee under 11 U.S.C. § 1104 (Doc. 14).

10. Empower and iHealthcare are owned in part and/or controlled in part by Jorge Perez. The Bankruptcy Estate has claims against Empower and iHealthcare, along with a number of other Perez-related entities and individuals with an ownership interest in a Perez-related entity (collectively, the "**Perez Ownership Group**") and the Trustee continues to investigate those claims and causes of action.

11. Following his appointment, the Trustee elected to continue to utilize Cohesive as the manager of Hillsboro Hospital and on June 25, 2019, the Court approved the Trustee's contract with Cohesive. (Doc. 138.)

12.     The Trustee's objectives in this case have been to stabilize the operations of Hillsboro Hospital and to sell the assets as a going concern to preserve the value of facility as a critical access hospital.

13.     The Trustee faced many challenges in proposing a plan of reorganization because, among other reasons:

> A.     The Debtor's prior management, under the direction and control of one or more members of the Perez Ownership Group, committed misfeasance and malfeasance in regard to the operation and management of the Hillsboro Hospital prior to the Commencement Date;

> B.     The Debtor's electronic stored records ("**ESI**") as maintained by one or members of the Perez Ownership Group were stolen shortly after Cohesive's appointment as Receiver in the Marion County District Court case and it took the Trustee significant time and effort to recover access to a portion of the Debtor's ESI;

> C.     Hillsboro Hospital was put on "divert" status by the Kansas Department of Health and Environment (the "**KDHE**") prior to the Commencement Date (meaning that Hillsboro Hospital was required to divert its emergency room patients to another facility), jeopardizing its status as a critical access hospital as a result of numerous deficiencies caused by the mismanagement of the Perez Ownership Group which resulted in significant harm to its relationship with patients, staff, and the community; and

> D.     After successfully addressing the numerous deficiencies cited by the KDHE in its inspection in January 2019, Hillsboro Hospital underwent another three-day, unannounced inspection in June 2019, and was found to be compliant with all regulatory and operational requirements.

14.     Since his appointment, the Trustee has performed his duties under the Bankruptcy Code attentively and in good faith. Despite the significant issues that existed at the time of his appointment, the Trustee has made tremendous strides in achieving his goals of stabilizing the operations of the Debtor and marketing the assets of the Bankruptcy Estate.  Among other things to date, the Trustee:

> A.     Obtained the Court's approval for $1.2 million in new Trustee financing with the Bank of Hays (the "**Trustee Loan**");

> B.     Obtained the Court's approval of an agreement with the Bank of Hays for the use of cash collateral and for adequate protection (the "**Cash**

4

**Collateral Order**") which holds a first and prior lien on all the Debtor's assets as more fully set out in the Trustee Loan Order and the Cash Collateral Order (Doc. 135 and Doc. 136) ;

   C.   Filed Schedules, Statements of Financial Affairs, and Monthly Operating Reports;

   D.   Completed the First Meeting of Creditors;

   E.   Successfully opposed a Motion to Transfer Venue of the Bankruptcy Case to the Eastern District of North Carolina;

   F.   Negotiated numerous vendor agreements in order to stabilize the operations of the Debtor, and

   G.   Obtained an agreement with other CAH Acquisition facilities to regain possession of records stolen by the Perez Ownership Group.

15.   On April 22, 2019, the Trustee filed his Application to employ GlassRatner Advisory & Capital Group, LLC ("**GlassRatner**") to provide financial advisory services and investment banking services in order to sell the assets of Hillsboro Hospital. (Doc. 66.)  On May 17, 2019, the Court granted the Application to Employ GlassRatner. (Doc. 103.)

**The Bid and Sale Process**

16.   On October 10, 2019, the Court conducted a hearing to approve the Trustee's proposed bidding and sale procedures and on October 11, 2019, the Court entered its Order Approving Bid and Sale Procedures and Bid Protections for (A) Sale of Substantially All of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; (B) The Possible Assumption and Assignment, or Rejection, of Certain Executory Contracts and Unexpired Leases; (C) The Possible Abandonment of Certain Assets; and (D) Related Relief (the "**Bid Procedures Order**") (Doc. 216), approving the Bid Procedures as set out in the Sale Motion.

17.   On October 16, 2019, the Trustee served the Transaction Notice (Doc. 219), along with the Bid Procedures and the Cure Schedule, as authorized and directed under the Bid

5

Procedures Order on all creditors and parties in interest as reflected in the Certificate of Service filed on October 17, 2019. (Doc. 221.)

18.     The Court established November 8, 2019, as the deadline for the submission of Qualified Overbids. The Trustee did not receive any Qualified Overbids by the deadline and the deadline has expired.

19.     The Court established November 8, 2019, as the filing deadline for any objection to the Motion to Sell. The Trustee did not receive any objections to the Sale Motion, none were timely filed with the Court, and the deadline has expired.

20.     Prior to filing the Motion to Sell, the Trustee received a stalking-horse bid (the "**Stalking-Horse Bid**") in the form of an Asset Purchase and Sale Agreement (the "**Proposed APA**") from Hillsboro Hospital, LLC, a Kansas limited liability company (the "**Buyer**") to purchase certain assets (the "**Acquired Assets**") as that term is defined in the APA for a purchase price of not less than $6,900,000 at closing (the "**Proposed Purchase Price**").  A copy of the Proposed APA was attached to and incorporated into the Sale Motion.

21.     The Proposed APA provides for, among other things, the sale of the Acquired Assets free and clear of any and all liens, claims, encumbrances, and other interests, along with the assumption of certain executory contracts and unexpired leases (the "**Transaction**").

22.     The Court approves the Trustee's Sale Motion as set out in this Order and authorizes the Trustee to effectuate the Transaction via the process and procedures outlined in the Bid Procedures.

23.     Pursuant to Bankruptcy Code §§ 105, 363, and 365 and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Court approves the Trustee's Sale Motion as set out in this Order and approves the assumption and

assignment of executory contracts and unexpired leases and rights thereunder as reflected in the Cure Schedule and as more fully set forth herein.

24.    The Court approves the sale of the Acquired Assets to the Buyer for the purchase price of $7,147,000 under the terms and conditions set out in the Proposed APA, as amended by the Trustee and the Buyer (the "**Amended APA**") to reflect the final purchase price (the "**Purchase Price**") and to reference the agreement reached between the Trustee, the Buyer, Bank of Hays, and the City of Hillsboro in regard to the Sublease, as more fully set out below (the "**Sale Terms**") and authorizes the Trustee to execute all documents necessary to effectuate the Sale Terms.

25.    The Court further finds and orders:

(a)    Sale to Insider. None of the Acquired Assets are sold to an "insider" within the meaning of 11 U.S.C. §101(31). Neither the Buyer nor the members of the Buyer are insiders of the Debtor.

(b)    Private Sale/No Competitive Bidding.  The Sale Terms were arrived at in accordance with the Bid Procedures Order.

(c)    Deadlines that Effectively Limit Notice. The only deadline limiting notice involve the supplemental notice to parties to executory contracts and unexpired leases which are unavoidable under the circumstances and mitigated by the general notice being provided to all parties in interest.

(d)    Use of Proceeds. The Court authorizes the Trustee to distribute the sale proceeds to pay at Closing: (i) Cure Amounts; (ii) real estate taxes for 2016, 2017 and 2018 ("**Past Due Real Estate Taxes**"); (iii) real estate taxes pro-rated from January 1, 2019 to the Closing Date ("**Current Real Estate Taxes**"); (iv) allowed administrative expenses pursuant to an order of the Bankruptcy Court ("**Allowed Administrative Expenses**") and to the extent allowed under the terms and conditions of the Trustee Loan Order or as agreed to in writing by Bank of Hays; and (v) the Bank of Hays. If and only to the extent that the Cure Amounts, the Past Due Real Estate Taxes, Current Real Estate Taxes, Allowed Administrative Expenses, and Bank of Hays claims have been paid in full, then any remaining sale proceeds shall be held subject to the liens of any subordinate lienholders and unsecured creditors as their interests are subsequently determined by the Court.

(e)  Tax Exemption. The sale is exempt from taxes under 11 U.S.C. §1146(a). The Trustee provided notice of the Sale Motion to the relevant taxing authorities.

(f)  Record Retention. The Court authorizes the Trustee to sell some of the Debtor's business records relating to the ongoing operation of the Hillsborough Hospital as part of the sale process, but also authorizes the Trustee to arrange to retain, or orders that the Trustee shall have adequate access to such business records as the Trustee deems necessary to pursue any further activity in the case after the Closing.

(g)  Sale of Avoidance Actions. No avoidance actions under Chapter 5 of the Bankruptcy Code are sold as a part of the Sale Terms or the Acquired Assets.

(h)  Relief from Bankruptcy Rules 6004(h) and 6006(d). The Court finds good and sufficient cause exists to waive the fourteen-day stay imposed by Fed. R. Bankr. P. 6004(h) and 6006(d).

26.  Pursuant to Bankruptcy Rule 6004(f)(1), sales of property outside the ordinary course of business may be by private sale or auction. Good cause exists to expose the assets to auction to the extent reasonably possible under the circumstances. The Court finds that the Bid Procedures approved by the Court enabled the Trustee to obtain the highest or best offer for the assets under the circumstances, thereby maximizing the value of the Debtor's estate.

27.  Pursuant to Section 365, the Court authorizes and approves the Trustee assumption and assignment of the executory contracts and unexpired leases (the "**Assigned Contracts and Leases**") as set forth in the Cure Schedule attached hereto, incorporated herein, and identified as **Exhibit 1**.

28.  The Court further authorizes and approves the assumption and assignment of the Debtor's Medicare Providers Agreements, including without limitation the Medicare provider numbers associated therewith, in connection with the following active health care operations: Hillsboro Community Hospital (Medicare provider 17-1357, with subunit 17-Z357); and Hillsboro Clinic (Medicare provider 17-8567) ("Medicare Provider Agreements"), in accordance

with the terms and conditions of the CMS/Hillsboro Cure Agreement, attached hereto, incorporated herein and identified as **Exhibit 2**.

29.    The Court finds that notice of the Sale Motion was proper and sufficient pursuant to Bankruptcy Rule 2002(a) and Bankruptcy Rule 6006(c).

30.    The Court further approves the Cure Amounts as set forth in the Cure Schedule, and finds and orders that the Trustee's calculation of the Cure Amounts, if any, necessary to cure any default or compensate for any actual pecuniary loss in accordance with Section 365(b)(1)(A) and (B) of the Bankruptcy Code as set out in the Cure Schedule is approved.

31.     In regard to the assumption and assignment of Debtor's unexpired lease with the City of Hillsboro (the "**Sublease Agreement**"), the Court approves and adopts the agreement between the City of Hillsboro, the Buyer, the Trustee, and Bank of Hays to satisfy the requirement to provide "adequate assurance of future performance" to the City of Hillsboro, and the assignment to and assumption by the Buyer of the Sublease Agreement, as amended by the parties' agreement, as set out in **Exhibit 3**.

32.    The Court finds that the Transaction Notice: (a) contained the type of information required under Bankruptcy Rule 2002 and 6006, (b) included information concerning the Bid Procedures, and (c) was reasonably calculated to provide due, adequate and timely notice to all interested parties of (i) the Bid Procedures, (ii) the Auction, (iii) the deadline to object to the Sale Motion, (iv) the Final Hearing, (v) the entry of the Bid Procedures Order, (vi) the intended assumption and assignment of executory contracts and unexpired leases and rights thereunder, (vii) the amount proposed to satisfy the Cure Amounts, and (viii) the deadline to file objections to such assumption and assignment, applicable Cure Amounts, the existence of any defaults, and adequate assurance of future performance.

33.     The Trustee served the Transaction Notice on October 16, 2019, by (a) first class United States mail, postage prepaid on (i) the parties identified on the Creditor Matrix in this Case at the addresses set forth therein, (ii) known holders of liens and security interests in the Assets, (iii) all known taxing authorities having jurisdiction over any of the Assets, including the Internal Revenue Service, (iv) all parties who have filed a written request for notice in the Case pursuant to Bankruptcy Rule 2002, (v) the patient care ombudsman, (vi) all other known parties who have expressed an interest in acquiring the Assets, and (vii) all counterparties to executory contracts and unexpired leases that may be assumed and assigned, or rejected, by the Trustee pursuant to Bankruptcy Code § 365 and that any Potential Bidder may desire to be assigned by the Trustee  (the "**Desired 365 Contracts**")  and (b) the Court's electronic filing system on those parties receiving electronic notice by such system.  Designation as a Desired 365 Contract in any pleading, notice, or agreement shall not be deemed to be an admission by the Trustee that such Desired 365 Contract is an "executory contract" or "unexpired lease" for purposes of Section 365 of the Bankruptcy Code, and the Trustee reserved all rights in connection with same.

34.     Service of the Transaction Notice as proposed herein is proper and sufficient notice of, among other things, the entry of the Bid Procedures Order, the Bid Procedures, the Sale Hearing, the Sale Motion, the Transaction, including the sale of the Debtor's estate's right, title and interest in, to and under the Acquired Assets free and clear of any and all liens, claims, encumbrances, and other interests, and the procedure for objecting thereto, the possible assumption and assignment of the Desired 365 Contracts and rights thereunder, the Cure Amounts, and the procedures for objecting thereto.

35.     The Court finds and orders that having failed to file a timely objection to any of the relief requested in the Sale Motion, creditors and parties in interest are barred from objecting

to any or all of the relief requested in the Sale Motion, including the sale of the Assets free and clear of any and all liens, claims, encumbrances, and other interests, and are deemed to consent to the Transaction, including the sale of the Acquired Assets free and clear of any and all liens, claims, encumbrances, and other interests, the assumption, assumption and assignment, or rejection of any executory contracts and unexpired leases, and the abandonment of any assets.

36.     The Court finds and orders that having failed to file to timely file an objection to any Cure Amounts set forth in this Transaction Notice and the Cure Schedule and the assumption and assignment of the Debtor's right, title and interest in, to and under Desired 365 Contracts, parties in interest are barred from objecting to the Cure Amounts and from asserting a claim for any cure or other amounts (or asserting that any defaults exist under the Desired 365 Contract as of the date of assumption) against the Debtor, its estate, or the Buyer with respect to the Desired 365 Contract arising prior to assumption and assignment of the Debtor's right, title and interest in, to and under the Desired 365 Contract and are deemed to consent to the assumption and assignment of the Desired 365 Contract and rights thereunder as provided by such Transaction except as expressly provided in this Order.

37.     Section 363(b)(1) of the Bankruptcy Code provides: "The Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b).  Section 105(a) of the Bankruptcy Code provides in relevant part: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

38.     The Court finds that the Trustee exercised sound business judgment in regard to the Sale Motion and the Bid Procedures Order, that the Trustee's sound business judgment is consistent with the financial and investment banker advice received from GlassRatner, and in

consultation with the Bank of Hays and the City of Hillsboro, and that the sale of the Acquired Assets to the Buyer is the best way to maximize the value of the assets of this Bankruptcy Estate and that maximization of asset value is a sound business purpose, warranting authorization and approval of the Sale Terms.

39. The Court finds that the Sale Terms satisfy Section 363(f) and warrant the Trustee's sale of the Acquired Assets free and clear of all liens, claims, and encumbrances. Each lien, claim or encumbrance attached to the Acquired Assets satisfies at least one of the five conditions of section 363(f), and the Court finds that any such lien, claim or encumbrance will be adequately protected by attachment to the net proceeds of the Sale Proceeds subject to any claims and defenses of the Trustee, Debtor, or any other party in interest may possess with respect thereto. The Court authorizes and approves the Sale Terms and authorizes the Trustee to effectuate the transfer of the Acquired Assets to the Buyer free and clear of all liens, claim, interests and encumbrances, with such liens, claims, interests and encumbrances to attach to the proceeds of the sale of the Assets as proposed herein.

40. The Court finds that on the Commencement Date, the Debtor had policies in place to protect patients' personally identifiable information governed by the Health Insurance Portability and Accountability Act of 1996 ("**HIPAA**") and other applicable federal and state regulations relating to the protection of patient information. Given the nature of the Debtor's operations as a health care provider, the proposed sale of Acquired Assets will include the transfer of personally identifiable information transferred in accordance with Section 363(b) of the Bankruptcy Code.

41. The Court finds that Section 704(a)(12) of the Bankruptcy Code is not applicable to the Sale Terms approved by the Court as the Hospital will not be closed, but instead the Buyer

will continue to operate the Hospital as a critical access hospital. Additionally, the Court finds that no notice under Bankruptcy Rule 2015.2 is necessary as it is not anticipated that any patients will be moved from the Hospital in connection with the Closing of the Sale.

42.     The Court finds that Buyer is a good faith purchaser under Section 363(m) and the Sale represents an arm's-length negotiated transaction entitled to the protections of section 363(m).

43.     The Court finds that the Buyer has the ability to perform under the applicable Desired 365 Contracts and to provide adequate assurance of future performance, as required by section 365(b)(1)(C) of the Bankruptcy Code and the assumption and assignment of the applicable Desired 365 Contracts is approved.

44.     The Court finds all anti-assignment provisions of the applicable Desired 365 Contracts to be unenforceable under section 365(f) of the Bankruptcy Code.

45.     The Court finds that all Remaining Contracts as set out in the Cure Schedule are deemed rejected as of the Closing of the Transaction.

46.     Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property…is stayed until the expiration of fourteen (14) days after entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 6004(h). Bankruptcy Rule 6006(d) further provides that an "order authorizing the trustee to assign an executory contract or unexpired lease under § 365(f) is stayed until the expiration of fourteen (14) days after the entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 6006(d).

47.     In light of the current circumstances and financial condition of the Debtor and the Bankruptcy Estate, the Court finds that in order to maximize value and preserve jobs, the sale of the Acquired Assets should be consummated as soon as practicable.  The Court orders that this

Order is effective immediately upon entry and that the fourteen (14) day stay under Bankruptcy

Rules 6004(h) and 6006(d) is waived.

      **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Sale Motion is

approved as set forth above.

      **IT IS SO ORDERED.**

# # #

Prepared, Submitted, and Approved,
**STEVENS & BRAND, LLP**


**By:  _s/ Patricia E. Hamilton_**
PATRICIA E. HAMILTON,  #13263
WESLEY F. SMITH,  #18517
4848 S.W. 21st Street, Suite 201
Topeka, Kansas 66604
Telephone ~ (785) 408-8000
Facsimile ~ (785) 408-8003
E-Mail ~ PHamilton@StevensBrand.com
E-Mail ~ WSmith@StevensBrand.com
**COUNSEL FOR TRUSTEE BRENT KING**

# Desired 365 Contracts

| Document Counterparty | Counterparty Address | Est. Cure Amt |
|---|---|---|
| Agility | P.O. Box 733788; Dallas TX 75373 | $0.00 |
| American Fire Sprinkler | 4901 8th St.; Great Bend KS 67530 | $0.00 |
| American Red Cross | P.O. Box 730040, Dallas TX 75373 | $0.00 |
| Amerisource Bergen | P.O. Box 978740; Dallas TX 75397 | $0.00 |
| Asset Purchasing Service Corp | 7015 College Boulevard - Suite 150; Overland Park KS 66211 | $0.00 |
| Beckman Coulter 1 | 250 South Kraemer Blvd.; Brea CA 92828 | $850.00 |
| Beckman Coulter 2 | 250 South Kraemer Blvd.; P.O. Box 8000; Brea CA 92828 | $0.00 |
| Cardie Oil | 1116 E. Main Street, P.O. Box 8; Marion KS 66861 | $0.00 |
| City of Hillsboro Development Agreement | 118 E. Grand; P.O. Box 125; Hillsboro KS 67063 | $0.00 |
| City Of Hillsboro Sublease Re: Public Building Commission of Hillsboro Bonds | 118 E. Grand; P.O. Box 125; Hillsboro KS 67063 | See Exhibit 3 |
| City Of Hillsboro Sublease Re: Public Building Commission of Hillsboro Bonds | 118 E. Grand; P.O. Box 125; Hillsboro KS 67063 | See Exhibit 3 |
| Clinic Lease Bogner | 700 Med Center Dr., Suite 210; Newton KS 67114 | $0.00 |
| Center for Medicare Services (CMS) | 233 N. Michigan Avenue, Suite 600; Chicago IL 60601 | See Exhibit 2 |
| CPSI | P.O. Box 850309; Mobile AL 36685 | $0.00 |
| Eagle Communications | P.O. Box 817; Hays KS 67601 | $0.00 |
| Emporia Alarm | 210 County Road U; Hartford KS 66854 | $0.00 |
| Fresenius Pumps | Fenwal, Inc., 26762 Network Place; Chicago IL 60673 | $0.00 |
| Gerwick Dietician (Gerwick & Associates, LLC) | 9727 Antioch; P.O. Box 12725; Overland Park KS 66282 | $617.00 |
| HERC | 21900 E. 96th St.; Broken Arrow OK 74014 | $9,835.00 |
| Hillsboro Dental Care | 119 E. Grand; Hillsboro KS 67063 | $0.00 |



EXHIBIT
1

| | | |
|---|---|---|
| KDOT | Eisenhower State Office Bldg., 3rd Floor West, 700 S.W. Harrison; Topeka KS 66603 | $0.00 |
| KHA Mutual Aid | 215 S.E. 8th Avenue; Topeka KS 66603 | $0.00 |
| KHA QHI | 215 S.E. 8th Avenue; Topeka KS 66603 | $0.00 |
| Konica Minolta | 100 Williams Drive; Ramsey NJ 07446 | $0.00 |
| Konica Minolta II | 100 Williams Drive; Ramsey NJ 07446 | $608.33 |
| KS Foundation MedCar | 2947 SW Wanamaker Drive; Topeka KS 66614 | $0.00 |
| Maryville University | 650 Maryville University Drive; St. Louis MO 63141 | $0.00 |
| McKesson Medical Surgical | P.O. Box 634404; Cincinnati OH 45263 | $9,083.33 |
| Matheson Air | 909 Lake Carolyn Pkwy, Suite 1300; Irving TX 75039 | $6,328.57 |
| Med Assets | 280 S. Mr. Auburn Road; Cape Girardeau MO 63755 | $0.00 |
| Medical Equipment Services | 3959 N. Woodlawn Ct. Suite 1; Wichita KS 67220 | $0.00 |
| Medical Equipment Technology | 1509 Sunset Court; Goddard KS 67052 | $0.00 |
| Midwest Transplant | 1900 W. 47th Place, Suite 400; Westwood, Kansas 66205 | $0.00 |
| Ophthalmic Surgical Solutions | 1602 W. 15th Ave., Suite B; Emporia KS 66801 | $0.00 |
| Orchard | 701 Congressional Blvd., Suite 360; Carmel IN 46032 | $0.00 |
| Quality Improvement Organization | 5700 Lombardo Center Drive, Suite 100; Seven Hills OH 44131 | $0.00 |
| Radiology & Nuclear Med | 2200 S.W. 10th Ave., Topeka KS 66604 | $0.00 |
| Reusser farms | 12505 E. Four Oaks Street; Wichita KS 67226 | $30.00 |
| Saving Sight | 10100 NW Ambassador Dr., Suite 200; Kansas City MO 64153 | $0.00 |
| Smith, Josh | 1283 Indigo; Hillsboro KS 67063 | $0.00 |
| Sooner Radiology | 4112 Carrington Lane; Norman OK 73072 | $0.00 |
| Tabor College | 7348 W. 21st St., Suite 117; Wichita KS 67205 | $0.00 |
| Telelanguage | 610 S.W. Broadway, Suite 200; Portland OR 97205 | $0.00 |

| Document Counterparty | Counterparty Address | Est. Cure Amt |
|---|---|---|
| Vigilias - Freestate | 4707 E. Oakland Street; Wichita KS 67218 | $0.00 |
| Vigilias - Freestate | 4707 E. Oakland Street; Wichita KS 67218 | $0.00 |
| Vigilias - Freestate | 4707 E. Oakland Street; Wichita KS 67218 | $0.00 |
| Viziant | 290 E. John Carpenter Freeway; Irving TX 75062 | $0.00 |
| Werfen USA, LLC | 180 Hartwell Rd.; Bedford MA 01730 | $0.00 |
| WPM | 338 North Front Street; Salina KS 67401 | $0.00 |

# Remaining 365 Contracts

| Document Counterparty | Counterparty Address | Est. Cure Amt |
|---|---|---|
| Aegis | P.O. Box 8103; Ft. Smith AZ 72902 | $0.00 |
| Affiliated Medical Service | 2916 E. Central; Wichita KS 67214 | $41,550.86 |
| Airgas Mid South Inc. | 110 W. 7th Street, Suite 1400; Tulsa OK 74119 | $6,594.02 |
| Alere Afinion | P.O. Box 536506; Pittsburg PA 15253 | $835.98 |
| Ameripride | 400 SE 1st Street; Topeka, KS 66607 | $3,391.16 |
| Athena Health Addendum A | 311 Arsenal Street; Watertown MA 02472 | $0.00 |
| Athena Services Agreement Addendum | 311 Arsenal Street; Watertown MA 02472 | $0.00 |
| Athena MSO and Service Agreement | 311 Arsenal Street; Watertown MA 02472 | $0.00 |
| Bethel College | 300 E. 27th Street; North Newton KS 67117 | $0.00 |
| Bluebird Network, LLC | 2005 W. Broadway, Bldg. A, Suite 215; Columbia MO 65203 | $0.00 |
| Cintas | 6800 Cintas Blvd., #9151; Mason OH 45040 | $0.00 |
| Comtrix Solutions | 22656 Philomont Ridge Ct.; Ashburn, VA 20148 | $0.00 |
| CSI Laboratories | 2580 Westside Parkway; Alpharetta GA 30004 | $0.00 |
| Delta Healthcare Providers | P.O. Box 202940; Dallas TX 75320 | $0.00 |

| | | |
|---|---|---|
| Dex Media | P.O. Box 9001401; Louisville KY 40290 | $297.99 |
| Empower HMS, LLC | 1700 Swift Ave., Suite 200; Kansas City MO 64116 | $0.00 |
| Enserv | P.O. Box 704; Lightfoot VA 23090 | $0.00 |
| Erb Contract | 4021 North 110th Street; Kansas City KS 66109 | $0.00 |
| Fusion Medical Staffing | P.O. Box 4155; Sarasota FL 34230 | $0.00 |
| Hillsboro 122N Main Lease | Russell Groves; P.O. Box 232; Hillsboro KS 67063 | $0.00 |
| Hillsboro Anesthesia Service | 1821 N. Classen Blvd, Suite 100; Oklahoma OK 73106 | $0.00 |
| HMS Health | 740 Spirit 40 Park Drive; Chesterfield MO 63005 | $6,021.36 |
| In House Mobility (Joint Technology, Inc.) | 919 S. Bryant; Edmond OK 73034 | $0.00 |
| Labcorp | 231 South Spring Street; Burlington NC 27215 | $0.00 |
| Med Rad | 100 Global View Drive; Warrendale PA 15086 | $0.00 |
| Medical Provider Resources | 1102 South Hillside; Wichita KS 67211 | $0.00 |
| Merritt Hawkins | 8840 Cypress Waters Blvd., Suite 300; Dallas TX 75019 | $0.00 |
| Missouri Network Alliance | 2005 W. Broadway, Bldg. A, Suite 215; Columbia MO 65203 | $0.00 |
| Mobile Cardiac Care | 2505 Tyler Street; Hutchinson KS 67502 | $13,905.00 |
| Office Depot | P.O. Box 660112; Dallas TX 75266 | $0.00 |
| Pinnacle Building Maintenance | 617 N. Meridian Rd., Suite A; Newton KS 67114 | $0.00 |
| Quest Diagnostics | P.O. Box 772976; Chicago IL 60677 | $0.00 |
| Reboot, Inc. | P.O. Box 80019, #86038; Indianapolis IN 46280 | $0.00 |
| RNM | 823 SW Mulvane, Suite 1; Topeka KS 66606 | $0.00 |
| Rural Emerg. Medical Providers | 915 Glenarm; Pratt KS 67124 | $0.00 |
| Service Rite Medical | 215 S. Hwy 281; P.O. Box 1526; Great Bend KS 67530 | $0.00 |
| Service Rite Medical II | | $0.00 |

| | | |
|---|---|---|
| Shared Medical Services | 215 S. Hwy 281; P.O. Box 1526; Great Bend KS  67530 | $13,300.00 |
| SMAART Medical Systems | 14330 Midway Road, Suite 118; Dallas TX 75244 | $2,850.00 |
| Sonovision | P.O. Box 1415; Wichita KS  67201 | $735.00 |
| St Luke's Hospital & Living Center | 535 S. Freeborn; Marion KS 66861 | $0.00 |
| Surgical Equipment Lease | Ophthalmic Surgical Solutions, Inc.; 1602 W. 15th Ave, Suite B; Emporia KS  66801 | $0.00 |
| Sybran Communications | 11242 Strang Line Rd.; Lenexa KS 66215 | $0.00 |
| Toshiba R&F Room | P.O. Box 91605; Chicago IL 60693 | $0.00 |
| Transamerica | 440 Mamaroneck Ave.; Harrison NY 10528 | $0.00 |
| Underground Vaults | 1540 NW Gage Blvd., Suite 6; Topeka KS 66618 | $0.00 |
| VRAD | 5995 Opus Parkway, Suite 200; Minneapolis, MN  55343 | $0.00 |

## CMS/HILLSBORO CURE AGREEMENT

This agreement shall be known as the CMS/Hillsboro Cure Agreement.

The Parties to the CMS/Hillsboro Cure Agreement are:

The Centers for Medicare & Medicaid Services ("CMS"), the agency of the United States Department of Health and Human Services that administers the Medicare program, under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 *et seq.*

Brent King, in his capacity as the Trustee for the Chapter 11 Bankruptcy Estate of CAH Acquisition Co. #5, LLC ("Debtor"), which filed a Chapter 11 bankruptcy case on March 13, 2019 in the United States Bankruptcy Court for the District of Kansas ("Bankruptcy Court"), which bankruptcy case is designated Case No. 19-10359.-1357

Hillsboro Hospital LLC, a Kansas limited liability company ("Buyer"), which proposes to purchase certain assets of Debtor

(collectively, "Parties").

WHEREAS, the Debtor holds Medicare Providers Agreements in connection with the following active health care operations ("providers'):  Hillsboro Community Hospital (Medicare provider 17-1357, with subunit 17-Z357); and Hillsboro Clinic (Medicare provider 17-8567) ("Medicare Provider Agreements")

WHEREAS, the Trustee intends to sell assets of the Debtor, as a going concern, to Buyer ("Sale")  and WHEREAS, in conjunction with the Sale, the Trustee wishes to assume the Medicare Provider Agreements and to assign the Medicare Provider Agreements to Buyer;

WHEREAS, upon of its review of all the specific and unique facts and circumstances, CMS has chosen to approve certain terms, and WHEREAS all Parties have agreed to those certain terms, in aid of the Sale;

ACCORDINGLY, the Parties do hereby agree to the following terms:

1.    Treatment of the currently-determined Medicare overpayments.  The currently-determined Medicare overpayments shall be recovered by CMS on the following terms:

a.     The amount of $239,530.09 ("upfront payment amount") shall be made by check payable to "Medicare" and remitted by the Trustee to the Medicare administrative contractor WPS within ten (10) days of the date of closing of the Sale.  The upfront payment amount shall be credited against the outstanding balance on the currently-determined Medicare overpayment for Fiscal Year 2016 and against the outstanding balance on the rate review overpaid amount announced by notice dated November 1, 2019.

1

EXHIBIT
2

b.       The outstanding balances on the currently-determined Medicare overpayments for Fiscal Year 2015 and Fiscal Year 2017, presently being recouped in accordance with two Extended Repayment Schedules that were approved previously by CMS, shall remain subject to recovery under those same two Extended Repayment Schedules, which are attached hereto as Appendix 1.

i. In the event that any Medicare underpaid amount may be determined for the providers while either of the two Extended Repayment Schedules is in effect, CMS or its Medicare administrative contractor WPS may, in its discretion, retain the Medicare underpaid amount and credit that amount as a recoupment adjustment against the amount then outstanding under either of the two Extended Repayment Schedules.

c.       In the event that the upfront payment amount is not made timely under paragraph 1.a., all currently-determined Medicare overpayment amounts outstanding shall be subject to immediate recoupment in full, notwithstanding any Extended Repayment Schedule.

2.       <u>No tentative settlement of providers' Medicare cost report for Fiscal Year 2018.</u>  The Medicare administrative contractor WPS shall perform no tentative settlement on the providers' Medicare cost report for Fiscal Year 2018, which has been submitted.   That Medicare cost report shall be subject to final settlement.

3.       <u>No compromise or waiver.</u>  This Agreement does not entail any compromise or waiver by CMS of the recovery of any Medicare overpayment amount, whether currently-determined or not yet currently-determined.  Moreover, this Agreement does not entail any waiver by the providers of any applicable rights of administrative appeal for Medicare reimbursement determinations.

4.       <u>Medicare law and policy to govern.</u>  Except as expressly provided in this Agreement, any and all Medicare overpayments and underpayments for the providers shall be treated fully in accordance with the terms of Medicare law, regulation, and policy.

5.       <u>Regulatory requirements for recognition of change of ownership.</u>   There shall be no waiver or modification of the regulatory requirements for the recognition of a change of ownership under Medicare law and policy.

6.       <u>Conflict.</u>  To any extent this Agreement may conflict with any document filed or entered in the bankruptcy case, the terms of this Agreement shall govern as to all matters treated herein.

7.       <u>Binding effect on successors and assigns.</u>  In the event that the Buyer proposes to assign the Medicare provider agreements prior to the time that the overpayments at issue in the two Extended Recoupment Schedules specified in paragraph 1.b. have been recovered by CMS in full, CMS may require full satisfaction of the overpayment balances before any proposed assignment may occur.  In all other ways, this Agreement shall be binding upon the parties, their successors, and assigns.

2

8.      <u>Limitation.</u>  This Agreement shall govern only in the event that the Sale closes within 30 days of the Bankruptcy Court's approval of the Sale, unless the Parties agree otherwise in writing.  If the Sale fails to close within this timeframe, this Agreement shall be null and void.

9.      <u>Authorization of counsel.</u>  Each of the undersigned counsel is duly authorized to bind his or her respective client.

(signatures to follow on the next two pages:)

Signed this _____ of November, 2019:


For the Centers for Medicare & Medicaid Services ("CMS"):


_Greg Bongiovanni_ _____

Greg Bongiovanni
Office of the General Counsel
United States Department of Health and Human Services
Suite 5M60 Atlanta Federal Center
61 Forsyth St., SW
Atlanta, GA 30303-8909
E-mail: greg.bongiovanni@hhs.gov
Phone: (404) 562-7836
Fax: (404) 562-7855



For Brent King, in his capacity as the Trustee of the Chapter 11 bankruptcy estate of of CAH
Acquisition Co. #5, LLC ("Trustee"):

_Patricia C. Hamilton_ _____

Patricia Hamilton
Stevens and Brand LLP
Suite 201
4848 SW 21st Street
Topeka, KS 66604
E-mail: phamiltonstevensbrand.com
Phone: (785) 408-8000
Fax: (785) 408-8003

4

For Hillsboro Hospital LLC ("Buyer"):

Name: Trent Skaggs
Title: Chief Executive Officer
Address: 4770 N. Belleview, Gladstone, MO ~~64112~~ 64116 T.S.
Email: tskaggs@ruralhospital.net
Phone: (816) 616-6148

5

# Appendix 1

# ERS AMORTIZATION SCHEDULE

D3
FX-18-24

PROVIDER NAME: Hillsboro Community Hospital
PROVIDER NUMBER: 171357
FISCAL YEAR: 09/30/15
DETERMINATION DATE: 03/10/2016     Approval Date: 03/25/16
OVERPAYMENT TYPE: E
INTEREST RATE: 9.750%
TERM OF REPAY SCHEDULE: 60
APPROVAL DATE: 03/10/2016
CURRENT PRINCIPAL BALANCE: $859,522.00
MONTHLY PAYMENT AMOUNT: $18,156.75
LOAN MODULE NUMBER: L1150987

BM 3-30-16

| | PAYMENT DUE DATE | INTEREST PAYMENT | PRINCIPAL PAYMENT | PAYMENT AMOUNT | OUTSTANDING BALANCE | COMMENTS |
|---|---|---|---|---|---|---|
| | | | | Beginning Balance | $859,522.00 | |
| 1 | 04/25/16 | $0.00 | $18,156.75 | $18,156.75 | $841,365.25 | Amount w/h AR/AP netting 03/16/16 & 03/17/16 |
| 2 | 05/25/16 | $13,672.18 | $4,484.57 | $18,156.75 | $836,880.68 | |
| 3 | 06/25/16 | $6,799.66 | $11,357.09 | $18,156.75 | $825,523.59 | |
| 4 | 07/25/16 | $6,707.38 | $11,449.37 | $18,156.75 | $814,074.22 | |
| 5 | 08/25/16 | $6,614.35 | $11,542.40 | $18,156.75 | $802,531.82 | |
| 6 | 09/25/16 | $6,520.57 | $11,636.18 | $18,156.75 | $790,895.64 | |
| 7 | 10/25/16 | $6,426.03 | $11,730.72 | $18,156.75 | $779,164.92 | |
| 8 | 11/25/16 | $6,330.71 | $11,826.04 | $18,156.75 | $767,338.88 | |
| 9 | 12/25/16 | $6,234.63 | $11,922.12 | $18,156.75 | $755,416.76 | |
| 10 | 01/25/17 | $6,137.76 | $12,018.99 | $18,156.75 | $743,397.77 | |
| 11 | 02/25/17 | $6,040.11 | $12,116.64 | $18,156.75 | $731,281.13 | |
| 12 | 03/25/17 | $5,941.66 | $12,215.09 | $18,156.75 | $719,066.04 | |
| 13 | 04/25/17 | $5,842.41 | $12,314.34 | $18,156.75 | $706,751.70 | |
| 14 | 05/25/17 | $5,742.36 | $12,414.39 | $18,156.75 | $694,337.31 | |
| 15 | 06/25/17 | $5,641.49 | $12,515.26 | $18,156.75 | $681,822.05 | |
| 16 | 07/25/17 | $5,539.80 | $12,616.95 | $18,156.75 | $669,205.10 | |
| 17 | 08/25/17 | $5,437.29 | $12,719.46 | $18,156.75 | $656,485.64 | |
| 18 | 09/25/17 | $5,333.95 | $12,822.80 | $18,156.75 | $643,662.84 | |
| 19 | 10/25/17 | $5,229.76 | $12,926.99 | $18,156.75 | $630,735.85 | |
| 20 | 11/25/17 | $5,124.73 | $13,032.02 | $18,156.75 | $617,703.83 | |
| 21 | 12/25/17 | $5,018.84 | $13,137.91 | $18,156.75 | $604,565.92 | |
| 22 | 01/25/18 | $4,912.10 | $13,244.65 | $18,156.75 | $591,321.27 | |
| 23 | 02/25/18 | $4,804.49 | $13,352.26 | $18,156.75 | $577,969.01 | |
| 24 | 03/25/18 | $4,696.00 | $13,460.75 | $18,156.75 | $564,508.26 | |
| 25 | 04/25/18 | $4,586.63 | $13,570.12 | $18,156.75 | $550,938.14 | |
| 26 | 05/25/18 | $4,476.37 | $13,680.38 | $18,156.75 | $537,257.76 | |
| 27 | 06/25/18 | $4,365.22 | $13,791.53 | $18,156.75 | $523,466.23 | |
| 28 | 07/25/18 | $4,253.16 | $13,903.59 | $18,156.75 | $509,562.64 | |
| 29 | 08/25/18 | $4,140.20 | $14,016.55 | $18,156.75 | $495,546.09 | |
| 30 | 09/25/18 | $4,026.31 | $14,130.44 | $18,156.75 | $481,415.65 | |
| 31 | 10/25/18 | $3,911.50 | $14,245.25 | $18,156.75 | $467,170.40 | |
| 32 | 11/25/18 | $3,795.76 | $14,360.99 | $18,156.75 | $452,809.41 | |
| 33 | 12/25/18 | $3,679.08 | $14,477.67 | $18,156.75 | $438,331.74 | |
| 34 | 01/25/19 | $3,561.45 | $14,595.30 | $18,156.75 | $423,736.44 | |
| 35 | 02/25/19 | $3,442.86 | $14,713.89 | $18,156.75 | $409,022.55 | |
| 36 | 03/25/19 | $3,323.31 | $14,833.44 | $18,156.75 | $394,189.11 | |
| 37 | 04/25/19 | $3,202.79 | $14,953.96 | $18,156.75 | $379,235.15 | |
| 38 | 05/25/19 | $3,081.29 | $15,075.46 | $18,156.75 | $364,159.69 | |
| 39 | 06/25/19 | $2,958.80 | $15,197.95 | $18,156.75 | $348,961.74 | |
| 40 | 07/25/19 | $2,835.31 | $15,321.44 | $18,156.75 | $333,640.30 | |
| 41 | 08/25/19 | $2,710.83 | $15,445.92 | $18,156.75 | $318,194.38 | |
| 42 | 09/25/19 | $2,585.33 | $15,571.42 | $18,156.75 | $302,622.96 | |
| 43 | 10/25/19 | $2,458.81 | $15,697.94 | $18,156.75 | $286,925.02 | |
| 44 | 11/25/19 | $2,331.27 | $15,825.48 | $18,156.75 | $271,099.54 | |
| 45 | 12/25/19 | $2,202.68 | $15,954.07 | $18,156.75 | $255,145.47 | |
| 46 | 01/25/20 | $2,073.06 | $16,083.69 | $18,156.75 | $239,061.78 | |
| 47 | 02/25/20 | $1,942.38 | $16,214.37 | $18,156.75 | $222,847.41 | |
| 48 | 03/25/20 | $1,810.64 | $16,346.11 | $18,156.75 | $206,501.30 | |
| 49 | 04/25/20 | $1,677.82 | $16,478.93 | $18,156.75 | $190,022.37 | |
| 50 | 05/25/20 | $1,543.93 | $16,612.82 | $18,156.75 | $173,409.55 | |
| 51 | 06/25/20 | $1,408.95 | $16,747.80 | $18,156.75 | $156,661.75 | |
| 52 | 07/25/20 | $1,272.88 | $16,883.87 | $18,156.75 | $139,777.88 | |
| 53 | 08/25/20 | $1,135.70 | $17,021.05 | $18,156.75 | $122,756.83 | |
| 54 | 09/25/20 | $997.40 | $17,159.35 | $18,156.75 | $105,597.48 | |
| 55 | 10/25/20 | $857.98 | $17,298.77 | $18,156.75 | $88,298.71 | |
| 56 | 11/25/20 | $717.43 | $17,439.32 | $18,156.75 | $70,859.39 | |
| 57 | 12/25/20 | $575.73 | $17,581.02 | $18,156.75 | $53,278.37 | |
| 58 | 01/25/21 | $432.89 | $17,723.86 | $18,156.75 | $35,554.51 | |
| 59 | 02/25/21 | $288.88 | $17,867.87 | $18,156.75 | $17,686.64 | |
| 60 | 03/25/21 | $143.70 | $17,686.64 | $17,830.34 | $0.00 | |
| | | $229,556.59 | $859,522.00 | | | |

Proprietary and Confidential
Version: 2.0

Modified: 03/11/16

# ERS AMORTIZATION SCHEDULE

PROVIDER NAME: Hillsboro Community Hospital
PROVIDER NUMBER: 171357
FISCAL YEAR: 09/30/2017
DETERMINATION DATE: 03/26/2018
OVERPAYMENT TYPE: E
INTEREST RATE: 10.625
TERM OF REPAY SCHEDULE: 60
APPROVAL DATE: 05/30/2018
PRINCIPAL AMOUNT: $437,516.00
MONTHLY PAYMENT AMOUNT: $9,431.04
LOAN MODULE NUMBER: L3334086



| | PAYMENT DUE DATE | INTEREST PAYMENT | PRINCIPAL PAYMENT | PAYMENT AMOUNT | OUTSTANDING BALANCE | COMMENTS |
|---|---|---|---|---|---|---|
| | | | | Beginning Balance | $437,516.00 | |
| 1 | 04/30/18 | $0.00 | $9,431.04 | $9,431.04 | $428,084.96 | |
| 2 | 05/30/18 | $7,580.67 | $1,850.37 | $9,431.04 | $426,234.59 | |
| 3 | 06/30/18 | $3,773.95 | $5,657.09 | $9,431.04 | $420,577.50 | |
| 4 | 07/30/18 | $3,723.86 | $5,707.18 | $9,431.04 | $414,870.32 | |
| 5 | 08/30/18 | $3,673.33 | $5,757.71 | $9,431.04 | $409,112.61 | |
| 6 | 09/30/18 | $3,622.35 | $5,808.69 | $9,431.04 | $403,303.92 | |
| 7 | 10/30/18 | $3,570.92 | $5,860.12 | $9,431.04 | $397,443.80 | |
| 8 | 11/30/18 | $3,519.03 | $5,912.01 | $9,431.04 | $391,531.79 | |
| 9 | 12/30/18 | $3,466.69 | $5,964.35 | $9,431.04 | $385,567.44 | |
| 10 | 01/30/19 | $3,413.88 | $6,017.16 | $9,431.04 | $379,550.28 | |
| 11 | 02/28/19 | $3,360.60 | $6,070.44 | $9,431.04 | $373,479.84 | |
| 12 | 03/30/19 | $3,306.85 | $6,124.19 | $9,431.04 | $367,355.65 | |
| 13 | 04/30/19 | $3,252.63 | $6,178.41 | $9,431.04 | $361,177.24 | |
| 14 | 05/30/19 | $3,197.92 | $6,233.12 | $9,431.04 | $354,944.12 | |
| 15 | 06/30/19 | $3,142.73 | $6,288.31 | $9,431.04 | $348,655.81 | |
| 16 | 07/30/19 | $3,087.06 | $6,343.98 | $9,431.04 | $342,311.83 | |
| 17 | 08/30/19 | $3,030.89 | $6,400.15 | $9,431.04 | $335,911.68 | |
| 18 | 09/30/19 | $2,974.22 | $6,456.82 | $9,431.04 | $329,454.86 | |
| 19 | 10/30/19 | $2,917.05 | $6,513.99 | $9,431.04 | $322,940.87 | |
| 20 | 11/30/19 | $2,859.37 | $6,571.67 | $9,431.04 | $316,369.20 | |
| 21 | 12/30/19 | $2,801.19 | $6,629.85 | $9,431.04 | $309,739.35 | |
| 22 | 01/30/20 | $2,742.48 | $6,688.56 | $9,431.04 | $303,050.79 | |
| 23 | 02/29/20 | $2,683.26 | $6,747.78 | $9,431.04 | $296,303.01 | |
| 24 | 03/30/20 | $2,623.52 | $6,807.52 | $9,431.04 | $289,495.49 | |
| 25 | 04/30/20 | $2,563.24 | $6,867.80 | $9,431.04 | $282,627.69 | |
| 26 | 05/30/20 | $2,502.43 | $6,928.61 | $9,431.04 | $275,699.08 | |
| 27 | 06/30/20 | $2,441.09 | $6,989.95 | $9,431.04 | $268,709.13 | |
| 28 | 07/30/20 | $2,379.20 | $7,051.84 | $9,431.04 | $261,657.29 | |
| 29 | 08/30/20 | $2,316.76 | $7,114.28 | $9,431.04 | $254,543.01 | |
| 30 | 09/30/20 | $2,253.77 | $7,177.27 | $9,431.04 | $247,365.74 | |
| 31 | 10/30/20 | $2,190.22 | $7,240.82 | $9,431.04 | $240,124.92 | |
| 32 | 11/30/20 | $2,126.11 | $7,304.93 | $9,431.04 | $232,819.99 | |
| 33 | 12/30/20 | $2,061.43 | $7,369.61 | $9,431.04 | $225,450.38 | |
| 34 | 01/30/21 | $1,996.18 | $7,434.86 | $9,431.04 | $218,015.52 | |
| 35 | 02/28/21 | $1,930.35 | $7,500.69 | $9,431.04 | $210,514.83 | |
| 36 | 03/30/21 | $1,863.93 | $7,567.11 | $9,431.04 | $202,947.72 | |
| 37 | 04/30/21 | $1,796.93 | $7,634.11 | $9,431.04 | $195,313.61 | |
| 38 | 05/30/21 | $1,729.34 | $7,701.70 | $9,431.04 | $187,611.91 | |
| 39 | 06/30/21 | $1,661.15 | $7,769.89 | $9,431.04 | $179,842.02 | |
| 40 | 07/30/21 | $1,592.35 | $7,838.69 | $9,431.04 | $172,003.33 | |
| 41 | 08/30/21 | $1,522.95 | $7,908.09 | $9,431.04 | $164,095.24 | |
| 42 | 09/30/21 | $1,452.93 | $7,978.11 | $9,431.04 | $156,117.13 | |
| 43 | 10/30/21 | $1,382.29 | $8,048.75 | $9,431.04 | $148,068.38 | |
| 44 | 11/30/21 | $1,311.02 | $8,120.02 | $9,431.04 | $139,948.36 | |
| 45 | 12/30/21 | $1,239.13 | $8,191.91 | $9,431.04 | $131,756.45 | |
| 46 | 01/30/22 | $1,166.59 | $8,264.45 | $9,431.04 | $123,492.00 | |
| 47 | 02/28/22 | $1,093.42 | $8,337.62 | $9,431.04 | $115,154.38 | |
| 48 | 03/30/22 | $1,019.60 | $8,411.44 | $9,431.04 | $106,742.94 | |
| 49 | 04/30/22 | $945.12 | $8,485.92 | $9,431.04 | $98,257.02 | |
| 50 | 05/30/22 | $869.98 | $8,561.06 | $9,431.04 | $89,695.96 | |
| 51 | 06/30/22 | $794.18 | $8,636.86 | $9,431.04 | $81,059.10 | |
| 52 | 07/30/22 | $717.71 | $8,713.33 | $9,431.04 | $72,345.77 | |
| 53 | 08/30/22 | $640.56 | $8,790.48 | $9,431.04 | $63,555.29 | |
| 54 | 09/30/22 | $562.73 | $8,868.31 | $9,431.04 | $54,686.98 | |
| 55 | 10/30/22 | $484.21 | $8,946.83 | $9,431.04 | $45,740.15 | |
| 56 | 11/30/22 | $404.99 | $9,026.05 | $9,431.04 | $36,714.10 | |
| 57 | 12/30/22 | $325.07 | $9,105.97 | $9,431.04 | $27,608.13 | |
| 58 | 01/30/23 | $244.45 | $9,186.59 | $9,431.04 | $18,421.54 | |
| 59 | 02/28/23 | $163.11 | $9,267.93 | $9,431.04 | $9,153.61 | |
| 60 | 03/30/23 | $81.05 | $9,153.61 | $9,234.66 | $0.00 | |
| | | $128,150.02 | $437,516.00 | | | |

Proprietary and Confidential
Version: 1.0

Modified: 03/14/18

## ASSIGNMENT AND AMENDMENT OF SUBLEASE

THIS ASSIGNMENT AND AMENDMENT OF SUBLEASE ("Assignment and Amendment") is entered into as of the 14th day of November, 2019 ("Transfer Date"), by and between City of Hillsboro, Kansas, a municipal corporation of the State of Kansas ("Sublessor"), Brent King, in his sole capacity as the Chapter 11 Trustee for CAH Acquisition Company #5, LLC, a Delaware limited liability company ("Assignor"), and Hillsboro Hospital LLC, a Kansas limited liability company (the "Assignee").

WHEREAS, Sublessor and Assignor have previously entered into a certain Sublease Agreement, dated as of December 15, 2015 (the "Sublease"), pursuant to which Sublessor subleased certain property described therein (the "Premises") to Assignor; and

WHEREAS, the Assignor and Assignee are parties to that certain Asset Purchase and Sale Agreement, dated November 14, 2019 (the "Asset Purchase Agreement"), pursuant to which Assignee has agreed to purchase substantially all of the assets of Assignor; and

WHEREAS, Bank of Hays, Hays, Kansas has made, or will make contemporaneously herewith, a loan in the original amount of $7,474,000.00 (the "Loan") to Assignee to fund a portion of the purchase price under the Asset Purchase Agreement; and

WHEREAS, Assignor desires to assign and Assignee desires to assume the obligations of "Sublessee" under the Sublease as part of the closing of the transaction contemplated by such Asset Purchase Agreement; and

WHEREAS, Sublessor and Assignee desire to amend the Sublease as set forth herein.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.      Definitions. Except as otherwise set forth in this Assignment and Amendment, capitalized terms not otherwise defined in this Sublease shall have the meanings set forth in Article I of the Trust Indenture, dated as of December 15, 2015 (the "Indenture"), by and between the Public Building Commission of Hillsboro, Kansas (the "Commission") and Security Bank of Kansas City, Kansas City, Kansas (the "Trustee") in connection with the issuance of the Commission's Taxable Revenue Bonds, Series 2015 (Hospital Project) ("Series 2015 Bonds") and in the Lease Agreement, dated as of December 15, 2015 (the "Lease"), by and between the Commission and the City of Hillsboro, Kansas (the "City"), unless the context or use indicates another or different meaning or intent. The term "Company" as defined in the Lease shall hereafter mean Hillsboro Hospital LLC, a Kansas limited liability company.

2.      Assignment. Assignor hereby assigns, grants, transfers, sets over and delivers its interest in the Sublease to Assignee as of the day and year first above written (the "Transfer Date"). Assignee hereby assumes all obligations of the Assignor under the Sublease and hereby agrees to observe and perform all the covenants and agreements contained in the Sublease on the part of Assignor.

3.     Rent. The first paragraph of Paragraph 5 of the Sublease is hereby deleted and replaced with the following:

> "5.  Rent.  As rent for the Project, the Sublessee shall pay to the Sublessor Basic Rent in the amounts and on due dates as set forth on Exhibit A, attached hereto, and any Additional Rent, as defined in the Lease, at the times and in the amounts the Sublessor is required to make such payments under the terms of the Lease, which amounts shall remain due and payable as set forth therein regardless of any redemption or prepayment of the Series 2015 Bonds. Basic Rent together with all Additional Rent is collectively referred to herein as "Rent"."

4.     Net Lease. Paragraph 7 of the Sublease is hereby deleted in its entirety and replaced with the following:

> "7.  Net Lease.  The parties hereto recognize and agree that this Sublease is intended as a "net lease," and that the Sublessor shall in all events receive as rent from the Sublessee an amount equal to at least 100% of its Basic Rent obligations under this Sublease and an amount equal to all Additional Rent obligations of Sublessor under the Lease, except where such obligations are otherwise discharged directly by the Sublessee pursuant to the terms hereof. To this end, the Sublessee hereby agrees to pay to the Sublessor as additional rent any sums required to effectuate the purpose and intent of this Sublease as a net lease. Except for Basic Rent as set forth in this Sublease, as amended, the Sublessee shall perform all obligations of Sublessor pursuant to the Lease."

5.     Option to Purchase. Paragraph 19 of the Sublease is hereby deleted in its entirety and replaced with the following:

> "19.  Option to Purchase the Project. The Sublessee is granted an option by Sublessor to purchase the Project, to be exercised and consummated in the same manner as the option to purchase granted to the Sublessor under the Lease, for a purchase price equal to the total of all Rent remaining unpaid under this Sublease, as amended, including those amounts set forth on Exhibit A attached hereto. Upon payment by Sublessee of such purchase price, then the Sublessee shall be entitled to conveyance by Sublessor (or directly from the Commission) to the Sublessee of fee title to the Project acquired, subject, and pursuant to operation of Sublessor's option to purchase under the Lease subject to the same liens and encumbrances set forth in Section 12.2 of the Lease. Conveyance shall be made by special warranty deed, bill of sale or other appropriate instrument of conveyance and shall be delivered concurrently with delivery to Sublessor of the instruments of conveyance of the Project from the Commission."

6.    Exhibit A.  Exhibit A of the Sublease is hereby deleted in its entirety and replaced with Exhibit A attached to this Assignment and Amendment.

7.    Representations and Warranties.  Assignee hereby represents and warrants that all representations and warranties of the Sublessee contained in the Sublease are true and correct with respect to Assignee as of the Transfer Date.

8.    Waiver.  Assignor and Assignee acknowledge that Sublessor has performed its obligations under the Sublease prior to the date of this Transfer Date and waives all rights of offset, abatement, and defenses to payment or performance of the Sublease. Assignor and Assignee waive and release Sublessor for, from and against any and all claims arising out of the Sublease and Premises which occurred or accrued prior to the Transfer Date.

9.    Entire Agreement.  This Assignment and Amendment and the Sublease contain the entire agreement between the parties concerning the matters stated herein. There are no prior or contemporaneous oral or written agreements, promises, understandings or inducements which supersede this Assignment and Amendment and all such prior discussions and understandings are merged herein. This Assignment and Amendment may not be modified without a written instrument signed by Sublessor and Assignee. This Assignment and Amendment is binding upon the parties and their successors and assigns.

10.    Acceptance of the Premises.  Assignee hereby accepts the Premises in "as-is" condition as of the date hereof.

11.    Sublease Subject to the Mortgage and Lease.  The parties hereto agree that this Sublease, as amended hereby, shall be and remain subordinate and subject in all respects to the terms of the Lease, the Loan, the Mortgage, and to all renewals and extensions thereof.

12.    Amendment and Ratification.  Except as provided herein, all of the other terms and conditions of the Sublease remain in full force and effect; provided, however, that in the event anything contained in the Sublease conflicts with anything in this Assignment and Amendment, this Assignment and Amendment shall control.

*[Remainder of Page Intentionally Left Blank]*

IN WITNESS WHEREOF, the parties hereto have hereunto subscribed their names as of the day and year first above written.

CITY OF HILLSBORO, KANSAS

[seal]

By _Louis Thurston_
Louis Thurston, Mayor

ATTEST:

By _Janice K. Meisinger_
Janice K. Meisinger, City Clerk

"SUBLESSOR"

ACKNOWLEDGMENT

STATE OF KANSAS )
                ) ss:
COUNTY OF MARION )

BE IT REMEMBERED that on this _19th_ day of _November_, 2019, before me, a notary public in and for said county and state, came Louis Thurston and Janice K. Meisinger, Mayor and City Clerk, respectively, of the City of Hillsboro, Kansas, a political subdivision of the State of Kansas, who are personally known to me to be the same persons who executed, as such officers, the within instrument on behalf of said City, and such persons duly acknowledged the execution of the same to be the act and deed of said City.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, the day and year last above written.

MONA HEIN
Notary Public - State of Kansas
My Appt. Expires

_Mona Hein_
NOTARY PUBLIC

My Appointment Expires:

_7-1-2020_

TWG REF: 704461
Assignment and Amendment of Sublease

CAH ACQUISITION COMPANY #5, LLC

By _____

Brent King, Bankruptcy Trustee

"ASSIGNOR"

## ACKNOWLEDGMENT

STATE OF KANSAS )
        ) ss:
COUNTY OF _Johnson_ )

  BE IT REMEMBERED that on this _18th_ day of _November_ , 2019, before me, a notary public in and for said County and State, came Brent King, in his sole capacity as Bankruptcy Trustee for CAH Acquisition Company #5, LLC, a Kansas limited liability company, who is personally known to me to be such trustee, and who is personally known to me to be the same person who executed, as such trustee the within instrument on behalf of said company, and such person duly acknowledged the execution of the same to be the act and deed of said company.

  IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, the day and year last above written.

_____

Notary Public in and for
said County and State

My Appointment Expires:

_4/5/23_

CHRIS FINCH
Notary Public
State of Kansas
My Appointment Expires 4/5/23

TWG REF: 704461
Assignment and Amendment of Sublease

HILLBORO HOSPITAL LLC

By _Trent Skaggs_

Name Trent Skaggs
Title:_ Chief Executive Officer

ATTEST:

By _Dennis Davis_

Name Dennis Davis
Title: Secretary

"ASSIGNEE"

ACKNOWLEDGMENT

STATE OF MISSOURI    )
                              )    ss:

COUNTY OF CLAY)

BE IT REMEMBERED that on this 15rg day of November, 2019, before me, a notary public in and for said County and State, came Trent Skaggs and Dennis Davis, respectively, of Hillsboro Hospital LLC, a Kansas limited liability company, who are personally known to me to be such officers/members/managers, and who are personally known to me to be the same persons who executed, as such officers/members/managers, the within instrument on behalf of said limited liability company, and such persons duly acknowledged the execution of the same to be the act and deed of said limited liability company.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, the day and year last above written.

_Richard J. Beaubien_

Notary Public in and for
said County and State

My Appointment Expires:

_8/31/2023_

RICHARD J. BEAUBIEN
Notary Public - Notary Seal
Clay County - State of Missouri
Commission Number 15456814
My Commission Expires Aug 31, 2023

TWG REF: 704461
Assignment and Amendment of Sublease

## CONSENT AND ACKNOWLEDGMENT

I, the undersigned, _____, a duly authorized, qualified and acting _____ of Bank of Hays, Hays, Kansas, hereby acknowledge and consent to the above and foregoing Assignment and Amendment of Sublease by and between the City of Hillsboro, Kansas, Brent King, in his sole capacity as the Chapter 11 Trustee for CAH Acquisition Company #5, LLC, a Delaware limited liability company, and Hillsboro Hospital LLC, a Kansas limited liability company.

BANK OF HAYS
Hays, Kansas

By_____
Name (Printed)_____
Title_____


"BANK"

## ACKNOWLEDGMENT

STATE OF KANSAS     )
                    )     ss:
COUNTY OF ELLIS     )


BE IT REMEMBERED that on this _____ day of _____, 2019, before me, a notary public in and for said County and State, came _____, a duly authorized _____ of Bank of Hays, a state banking corporation duly organized under the banking laws of the State of Kansas, who is personally known to me to be such officer, and who is personally known to me to be the same person who executed, as such officer, the within instrument on behalf of said Bank, and such person duly acknowledged the execution of the same to be the act and deed of said Bank.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, the day and year last above written.


_____
Notary Public in and for said County and State

My Appointment Expires:


_____

TWG REF: 704461
Assignment and Amendment of Sublease

# EXHIBIT A

## SCHEDULE OF BASIC RENT

| Rent Payment Date | Payment |
|---|---|
| 01/01/20 | $5,500.00 |
| 02/01/20 | $5,500.00 |
| 03/01/20 | $5,500.00 |
| 04/01/20 | $5,500.00 |
| 05/01/20 | $5,500.00 |
| 06/01/20 | $5,500.00 |
| 07/01/20 | $5,500.00 |
| 08/01/20 | $5,500.00 |
| 09/01/20 | $5,500.00 |
| 10/01/20 | $5,500.00 |
| 11/01/20 | $5,500.00 |
| 12/01/20 | $5,500.00 |
| 01/01/21 | $5,500.00 |
| 02/01/22 | $5,500.00 |
| 03/01/22 | $5,500.00 |
| 04/01/22 | $5,500.00 |
| 05/01/22 | $5,500.00 |
| 06/01/22 | $5,500.00 |
| 07/01/22 | $5,500.00 |
| 08/01/22 | $5,500.00 |
| 09/01/22 | $5,500.00 |
| 10/01/22 | $5,500.00 |
| 11/01/22 | $5,500.00 |
| 12/01/22 | $5,500.00 |
| 01/01/23 | $5,500.00 |
| 02/01/23 | $5,500.00 |
| 03/01/23 | $5,500.00 |
| 04/01/23 | $5,500.00 |
| 05/01/23 | $5,500.00 |
| 06/01/23 | $5,500.00 |
| 07/01/23 | $5,500.00 |
| 08/01/23 | $5,500.00 |
| 09/01/23 | $5,500.00 |
| 10/01/23 | $5,500.00 |
| 11/01/23 | $5,500.00 |

| Rent Payment Date | Payment |
|---|---|
| 12/01/23 | $5,500.00 |
| 01/01/24 | $5,500.00 |
| 02/01/24 | $5,500.00 |
| 03/01/24 | $5,500.00 |
| 04/01/24 | $5,500.00 |
| 05/01/24 | $5,500.00 |
| 06/01/24 | $5,500.00 |
| 07/01/24 | $5,500.00 |
| 08/01/24 | $5,500.00 |
| 09/01/24 | $5,500.00 |
| 10/01/24 | $5,500.00 |
| 11/01/24 | $5,500.00 |
| 12/01/24 | $5,500.00 |
| 01/01/25 | $5,500.00 |
| 02/01/25 | $5,500.00 |
| 03/01/25 | $5,500.00 |
| 04/01/25 | $5,500.00 |
| 05/01/25 | $5,500.00 |
| 06/01/25 | $5,500.00 |
| 07/01/25 | $5,500.00 |
| 08/01/25 | $5,500.00 |
| 09/01/25 | $5,500.00 |
| 10/01/25 | $5,500.00 |
| 11/01/25 | $5,500.00 |
| 12/01/25 | $5,500.00 |
| 01/01/26 | $5,500.00 |
| 02/01/26 | $5,500.00 |
| 03/01/26 | $5,500.00 |
| 04/01/26 | $5,500.00 |
| 05/01/26 | $5,500.00 |
| 06/01/26 | $5,500.00 |
| 07/01/26 | $5,500.00 |
| 08/01/26 | $5,500.00 |
| 09/01/26 | $5,500.00 |
| 10/01/26 | $5,500.00 |
| 11/01/26 | $5,500.00 |
| 12/01/26 | $5,500.00 |
| 01/01/27 | $5,500.00 |
| 02/01/27 | $5,500.00 |

| Rent Payment Date | Payment |
|---|---|
| 03/01/27 | $5,500.00 |
| 04/01/27 | $5,500.00 |
| 05/01/27 | $5,500.00 |
| 06/01/27 | $5,500.00 |
| 07/01/27 | $5,500.00 |
| 08/01/27 | $5,500.00 |
| 09/01/27 | $5,500.00 |
| 10/01/27 | $5,500.00 |
| 11/01/27 | $5,500.00 |
| 12/01/27 | $5,500.00 |
| 01/01/28 | $5,500.00 |
| 02/01/28 | $5,500.00 |
| 03/01/28 | $5,500.00 |
| 04/01/28 | $5,500.00 |
| 05/01/28 | $5,500.00 |
| 06/01/28 | $5,500.00 |
| 07/01/28 | $5,500.00 |
| 08/01/28 | $5,500.00 |
| 09/01/28 | $5,500.00 |
| 10/01/28 | $5,500.00 |
| 11/01/28 | $5,500.00 |
| 12/01/28 | $5,500.00 |
| 01/01/29 | $5,500.00 |
| 02/01/29 | $5,500.00 |
| 03/01/29 | $5,500.00 |
| 04/01/29 | $5,500.00 |
| 05/01/29 | $5,500.00 |
| 06/01/29 | $5,500.00 |
| 07/01/29 | $5,500.00 |
| 08/01/29 | $5,500.00 |
| 09/01/29 | $5,500.00 |
| 10/01/29 | $5,500.00 |
| 11/01/29 | $5,500.00 |
| 12/01/29 | $5,500.00 |
| 01/01/30 | $5,500.00 |
| 02/01/30 | $5,500.00 |
| 03/01/30 | $5,500.00 |
| 04/01/30 | $5,500.00 |
| 05/01/30 | $5,500.00 |

|        | Rent<br>Payment Date | Payment |
|--------|-------------|-----------|
|        | 06/01/30    | $5,500.00 |
|        | 07/01/30    | $5,500.00 |
|        | 08/01/30    | $5,500.00 |
|        | 09/01/30    | $5,500.00 |
|        | 10/01/30    | $5,500.00 |
|        | 11/01/30    | $5,500.00 |
|        | 12/01/30    | $5,500.00 |
|        | 01/01/31    | $5,500.00 |
|        | 02/01/31    | $5,500.00 |
|        | 03/01/31    | $5,500.00 |
|        | 04/01/31    | $5,500.00 |
|        | 05/01/31    | $5,500.00 |
|        | 06/01/31    | $5,500.00 |
|        | 07/01/31    | $5,500.00 |
|        | 08/01/31    | $5,500.00 |
|        | 09/01/31    | $5,500.00 |
|        | 10/01/31    | $5,500.00 |
|        | 11/01/31    | $5,500.00 |
|        | 12/01/31    | $5,500.00 |
|        | 01/01/32    | $5,500.00 |
|        | 02/01/32    | $5,500.00 |
|        | 03/01/32    | $5,500.00 |
|        | 04/01/32    | $5,500.00 |
|        | 05/01/32    | $5,500.00 |
|        | 06/01/32    | $5,500.00 |
|        | 07/01/32    | $5,500.00 |
|        | 08/01/32    | $5,500.00 |
|        | 09/01/32    | $5,500.00 |
|        | 10/01/32    | $5,500.00 |
|        | 11/01/32    | $5,500.00 |
|        | 12/01/32    | $5,500.00 |
|        | 01/01/33    | $5,500.00 |
|        | 02/01/33    | $5,500.00 |
|        | 03/01/33    | $5,500.00 |
|        | 04/01/33    | $5,500.00 |
|        | 05/01/33    | $5,500.00 |
|        | 06/01/33    | $5,500.00 |
|        | 07/01/33    | $5,500.00 |
|        | 08/01/33    | $5,500.00 |

| Rent Payment Date | Payment |
|---|---|
| 09/01/33 | $5,500.00 |
| 10/01/33 | $5,500.00 |
| 11/01/33 | $5,500.00 |
| 12/01/33 | $5,500.00 |
| 01/01/34 | $5,500.00 |
| 02/01/34 | $5,500.00 |
| 03/01/34 | $5,500.00 |
| 04/01/34 | $5,500.00 |
| 05/01/34 | $5,500.00 |
| 06/01/34 | $5,500.00 |
| 07/01/34 | $5,500.00 |
| 08/01/34 | $5,500.00 |
| 09/01/34 | $5,500.00 |
| 10/01/34 | $5,500.00 |
| 11/01/34 | $5,500.00 |
| 12/01/34 | $5,500.00 |
| 01/01/35 | $5,500.00 |
| 02/01/35 | $5,500.00 |
| 03/01/35 | $5,500.00 |
| 04/01/35 | $5,500.00 |
| 05/01/35 | $5,500.00 |
| 06/01/35 | $5,500.00 |
| 07/01/35 | $5,500.00 |
| 08/01/35 | $5,500.00 |
| 09/01/35 | $5,500.00 |
| 10/01/35 | $5,500.00 |
| 11/01/35 | $5,500.00 |
| 12/01/35 | $5,500.00 |
| 01/01/36 | $5,500.00 |
| 02/01/36 | $5,500.00 |
| 03/01/36 | $5,500.00 |
| 04/01/36 | $5,500.00 |
| 05/01/36 | $5,500.00 |
| 06/01/36 | $5,500.00 |
| 07/01/36 | $5,500.00 |
| 08/01/36 | $5,500.00 |
| 09/01/36 | $5,500.00 |
| 10/01/36 | $5,500.00 |
| 11/01/36 | $5,500.00 |

| Rent Payment Date | Payment |
|---|---|
| 12/01/36 | $5,500.00 |
| 01/01/37 | $5,500.00 |
| 02/01/37 | $5,500.00 |
| 03/01/37 | $5,500.00 |
| 04/01/37 | $5,500.00 |
| 05/01/37 | $5,500.00 |
| 06/01/37 | $5,500.00 |
| 07/01/37 | $5,500.00 |
| 08/01/37 | $5,500.00 |
| 09/01/37 | $5,500.00 |
| 10/01/37 | $5,500.00 |
| 11/01/37 | $5,500.00 |
| 12/01/37 | $5,500.00 |
| 01/01/38 | $65,600.00 |
| 02/01/38 | $65,600.00 |
| 03/01/38 | $65,600.00 |
| 04/01/38 | $65,600.00 |
| 05/01/38 | $65,600.00 |
| 06/01/38 | $65,600.00 |
| 07/01/38 | $65,600.00 |
| 08/01/38 | $65,600.00 |
| 09/01/38 | $65,600.00 |
| 10/01/38 | $65,600.00 |
| 11/01/38 | $65,600.00 |
| 12/01/38 | $65,600.00 |
| 01/01/39 | $65,600.00 |
| 02/01/39 | $65,600.00 |
| 03/01/39 | $65,600.00 |
| 04/01/39 | $65,600.00 |
| 05/01/39 | $65,600.00 |
| 06/01/39 | $65,600.00 |
| 07/01/39 | $65,600.00 |
| 08/01/39 | $65,600.00 |

Case 19-10359    Doc# 262    Filed 11/26/19    Page 40 of 40